TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00290-CR






Gregory Paul McPherson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-01-0931-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 The district court sentenced appellant Gregory Paul McPherson to imprisonment for
three years after a jury found him guilty of assaulting a public servant. Tex. Pen. Code Ann.
§ 22.01(a)(1), (b)(1) (West Supp. 2003). Appellant's court-appointed attorney filed a brief
concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S.
75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 Appellant filed a pro se brief which he later superceded with an amended pro se brief. 
In his first points of error, he contends the evidence is legally and factually insufficient to sustain the
jury's guilty verdict. The incident on which the conviction is based occurred as appellant was being
booked into the Tom Green County jail following his arrest on outstanding warrants. The
complainant, booking officer Wesley Counts, testified that appellant was argumentative and
uncooperative. Counts said that when appellant stepped toward him in what he thought was an
aggressive manner, he put his arms up to keep appellant at a safe distance. Appellant seized
Counts's arm and a scuffle broke out, during which both men fell to the floor. Counts received
bruises and a cut in the affray. The other witnesses at the guilt stage of trial gave similar testimony,
although they did not see the scuffle break out. A videotape of the incident taken by the jail security
system was introduced in evidence and shown to the jury.

 Viewing the evidence in the light most favorable to the verdict, a rational trier of fact
could find the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 324 (1979) (standard of review for legal sufficiency); Griffin v. State, 614 S.W.2d 155,
158-59 (Tex. Crim. App. 1981) (same). A neutral review of all the evidence, both for and against
the finding of guilt, does not demonstrate that the proof of guilt is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury's determination. See Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard or review for factual sufficiency). Point
of error one and two are overruled.

 In his third point, appellant complains that he did not receive effective assistance of
counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (test for effectiveness of counsel
under Sixth Amendment); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting
Strickland test under Texas Constitution). Appellant urges that his attorney was ineffective because
she did not call him and another witness to testify at the guilt/innocence phase. During the
punishment phase, appellant admitted being uncooperative during booking. He said, however, that
the scuffle began when the jailer grabbed him and he responded by knocking away the jailer's hand. 
Another defense witness at the punishment phase, jail employee Melissa Molina, testified that the
fight started when the complainant pushed appellant.

 The record does not reveal counsel's strategy with regard to the decision to call
appellant and Molina at the punishment stage rather than at the guilt stage. In the absence of such
a record, appellant cannot overcome the strong presumption that counsel's conduct fell within the
wide range of reasonable professional assistance when viewed from counsel's perspective at trial. 
See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). Point of error three is overruled.

 In point of error four, appellant argues that the prosecutor unfairly failed to disclose 
Molina's testimony, and that Molina's testimony was newly discovered evidence for which the
district court should have granted a new trial. See Tex. Code Crim. Proc. Ann. art. 40.001 (West
Supp. 2003). He repeats the latter contention in point of error seven. Appellant concedes that
Molina's name was on the State's witness list and that both he and the State subpoenaed her. There
is no basis in the record for concluding that Molina's existence or the nature of her testimony was
suppressed by the State or newly discovered after trial. Points of error four and seven are overruled.

 In his remaining points of error, appellant urges error in the jury charge. First, he
contends the court should have instructed the jury on the lesser offense of resisting a search. Tex.
Pen. Code Ann. § 38.03 (West 1994). While the evidence may support a finding that appellant
committed this offense, the record does not support a rational finding that appellant was guilty only
of this offense. See Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993) (test for
entitlement to lesser included offense instruction). Point of error five is overruled.

 In point of error six, appellant contends the court should have instructed the jury on
the right to use force to resist an arrest or search. Tex. Pen. Code Ann. § 9.31(c) (West Supp. 2003). 
Appellant conditioned his request for this instruction, however, on the court granting the State's
request for an instruction on the use of force to maintain security in a correctional facility. Tex. Pen.
Code Ann. § 9.53 (West 1994). The court refused both requests. Under the circumstances, no error
is presented. Point of error six is overruled.

 We have reviewed the record and briefs and agree that the appeal is without merit. 
The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 30, 2003

Do Not Publish